# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

|  |  |
|---|---|
| ) | |
| IN RE CBL & ASSOCIATES PROPERTIES, ) | Case No. |
| INC. SECURITIES LITIGATION ) | 1:19-CV-00193 |
| ) | |
| ) | |

## DEFENDANTS' CONSOLIDATED
## RESPONSE TO LEAD PLAINTIFF MOTIONS

Defendants CBL & Associates Properties, Inc. ("CBL"), Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, and Farzana Khaleel (collectively, "Defendants") hereby submit this consolidated response to the motions for appointment as lead plaintiff and approval of choice of counsel (Dkt. Nos. 20, 23, 26, 30, and 34 in the lead consolidated case, 1:19- CV-00149-JRG-CHS) and state as follows:

## I.    The PSLRA Imposes A Statutory Deadline Of August 15, 2019 For The Court To Appoint A Lead Plaintiff.

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment, and "shall appoint" the lead plaintiff no later than 90 days after publication of notice of the suit.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Because publication of notice of this suit occurred on May 17, 2019 (*see, e.g.*, Dkt. No. 22-

1), the statutory deadline for appointing Lead Plaintiff in this action is therefore August 15, 2019.

## II. Defendants Take No Position On Lead Plaintiff Appointment But Reserve All Defenses To Class Certification Under Federal Rule Of Civil Procedure 23.

As an initial matter, Defendants strongly dispute the allegations of wrongdoing in the Complaints,[1] many of which are parroted in the various memoranda filed in support of the lead plaintiff motions. Defendants intend to seek dismissal of all claims at the appropriate time.

Defendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B).[2] By taking no position on the selection of a lead plaintiff/counsel, however, Defendants do not waive—but expressly reserve—their rights under Federal Rule of Civil Procedure 23 to develop a record and oppose any future motion for class certification on any and all grounds, including, without limitation, that the claims of the appointed lead

---

[1] *See Paskowitz v. CBL & Associates et al.,* Case no. 1:19-cv-00149, Dkt. No. 1; *Williams v. CBL & Associates et al.,* Case no. 1:19-cv-00181, Dkt. No. 1; *Merelles v. CBL & Associates et al.,* Case no. 1:19-CV-00193, Dkt. No. 1. The Court consolidated these cases on July 17, 2019 (Dkt. No. 37), and plaintiff Laurence Paskowitz voluntarily dismissed his complaint on July 25, 2019 (Dkt. No. 44).

[2] The PSLRA employs a rebuttable presumption that the lead plaintiff will be the applicant with the largest financial loss. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Based on the claimed losses in the recently-filed lead plaintiff motions, the presumed lead plaintiffs are, therefore, Jay Scolnick and Mark Shaner. *See* Dkt. No. 24 (alleging losses by Mr. Scolnick and Mr. Shaner greater than the other lead plaintiff applicants).

- 2 -

plaintiff and defenses to which it may be subject are not typical of the class, and that the appointed lead plaintiff and/or its chosen counsel will not fairly and adequately protect the interests of the class. *See, e.g.*, *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) ("This inquiry need not be as searching as the one triggered by a motion for class certification, because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified.") (citation omitted); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) ("Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at [the lead plaintiff] stage.").

Dated: July 30, 2019

/s/ Scott M. Shaw
Scott M. Shaw, Esq.
EVANS HARRISON HACKETT PLLC
One Central Plaza, Suite 800
835 Georgia Avenue
Chattanooga, TN 37402
Direct Dial: 423.693.2179
Fax: 423.648.7897
sshaw@ehhlaw.com

*/s/ B. Warren Pope*
B. Warren Pope (*pro hac vice* forthcoming)
Georgia Bar No. 583723
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
wpope@kslaw.com

*/s/ Gregory Cook*
Gregory Cook (*pro hac vice* forthcoming)
BALCH & BINGHAM LLP
1901 Sixth Avenue N., Suite 1500
Birmingham, AL 35203-4642
Tel: 205-226-3426
gcook@balch.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served electronically upon all parties and/or counsel listed below through the Court's ECF system on this July 30, 2019.

**EVANS HARRISON HACKETT PLLC**
By: */s/ Scott M. Shaw*

- 4 -