UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-00149-JRG-CHS<br><br>CLASS ACTION |

**MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF JAY SCOLNICK AND MARK SHANER FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT .....................................................................................................6

    I.     Scolnick and Shaner Should Be Appointed Lead Plaintiffs .................6

         A.     Scolnick and Shaner Have the Largest Financial Interest in the Relief Sought by the Class ..........................................................6

         B.     Scolnick and Shaner Satisfy the Requirements of Rule 23 ........9

    II.    Cowin and the Smyth Group Are Inadequate within the Meaning of Rule 23........................................................................................11

    III.   Scolnick and Shaner's Selection of Counsel Should Be Approved....14

CONCLUSION .................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bluestone v. Sadove*, No. 3:18-cv-63-HSM-HBG,
2018 U.S. Dist. LEXIS 113900 (E.D. Tenn. July 6, 2018) ...............................14

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106,
2017 U.S. Dist. LEXIS 195118 (N.D. Ohio Nov. 28, 2017).............................10

*Burgraff v. Green Bankshares, Inc.*, Nos. 2:10-CV-00253 *et al.*,
2011 U.S. Dist. LEXIS 14573 (E.D. Tenn. Feb. 11, 2011).............................3, 7

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)......................................................................................4

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
68 F. Supp. 3d 800 (E.D. Tenn. 2014)........................................................3, 6, 7

*In re American Medical Sys.*,
75 F.3d 1069 (6th Cir. 1996) ............................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825,
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007).........................................................7

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
458 F. Supp. 2d 455 (E.D. Mich. 2006) .............................................................7

*In re Regions Morgan Keegan Closed-End Fund Litig.*, Nos. 07-02830 *et al.*,
U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ...................................6, 9

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999) ...........................................................4, 10

*In re Unumprovident Corp. Secs. Litig.*, No. 1:03-CV-049,
2003 U.S. Dist. 24633 (E.D. Tenn. Nov. 6, 2003) ....................................4, 9, 13

*Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716,
1997 WL 461036 (N.D. Ill. 1997) .....................................................................7

*Rutherford v. City of Cleveland*,
137 F.3d 905 (6th Cir. 1998) ............................................................................9

ii

## Statutes

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ...............................................................................6

15 U.S.C. §78u-4(a)(2)(iv)..........................................................................................13

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..............................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................14

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................14

PSLRA ...................................................................................................................*passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ......................................................*passim*

Case 1:19-cv-00181-JRG-CHS    Document 37    Filed 07/30/19    Page 4 of 20    PageID #: 366

Movants Scolnick and Shaner[1] respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel and Holifield as Liaison Counsel for the Class; and in opposition to the competing motions of (i) Gordon Smyth, Keith Honnold, Edward S. Friedman, Brent Cowin ("Cowin"), George Imbrogno (collectively, the "Smyth Group") (Dkt. No. 29); (ii) Cowin individually (Dkt. No. 30); and (iii) Charles D. Hoffman, Hoffinvestco, and Lydia Hoffman (collectively, the "Hoffman Group") (Dkt. No. 41).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against CBL and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the

---

[1] All capitalized terms herein are defined in Scolnick and Shaner's moving brief, unless otherwise indicated. *See* Dkt. No. 24.

[2] Initially, two other movant groups filed similar motions seeking appointment as Lead Plaintiff and approval of their respective selections of Lead Counsel: (i) Joanna Lienti, Thomas Stove, and John Collins (collectively, the "Lienti Group") (Dkt. No. 34); and (ii) Houlihan & Company LLC, Ronald A. Fish, and Jeff Lion (the "Houlihan Group") (Dkt. No. 20). On July 29, 2019, the Lienti Group filed a notice of withdrawal of its motion, stating that "[b]ased upon a review of the competing motions and supporting papers provided by other movants seeking appointment as lead plaintiff, it appears that . . . [the Lienti Group does] not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA." Dkt. No. 48. On July 30, 2019, the Houlihan Group filed a notice of non-opposition to competing motions, also stating that it did "not appear to have the greatest financial interest . . . within the meaning of the PSLRA". Dkt. No. 52.

1

PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; **and** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Scolnick and Shaner, a cohesive group consisting of two individuals with a meaningful relationship that predates this litigation by more than 20 years, who together suffered over *$2 million* in losses in connection with their purchases of CBL stock as a result of the alleged fraud at issue in the above-captioned consolidated action (the "Consolidated Action"), and retained 226,742 shares at the end of the Class Period—by either metric, a greater financial interest in this litigation than any competing movant eligible for appointment. The table below sets forth the losses of Scolnick and Shaner compared to those of the other movants:

| Movant | Loss | Retained Shares |
|---|---|---|
| Scolnick and Shaner | $2,033,620 | 226,742 |
| *Scolnick* | *$1,517,703* | *223,042* |
| *Shaner* | *$515,917* | *3,700* |
| Smyth Group | $1,023,499 | 194,931 |
| *Gordon Smyth* | *$275,909* | *43,000* |
| *Keith Honnold* | *$39,530* | *35,000* |
| *Edward S. Friedman* | *$291,260* | *92,633* |
| *Brent Cowin* | *$320,158* | *6,424* |
| *George Imbrogno* | *$96,641* | *20,060* |
| Hoffman Group | $834,293 | 113,594 |
| *Charles D. Hoffman* | *$140,445* | *19,105* |
| *Hoffinvestco* | *$182,386* | *21,600* |
| *Lydia Hoffman* | *$80,861* | *7,889* |
| *Joint Account* | *$430,601* | *65,000* |
| Brent Cowin (individually) | $721,574 | 43,675 |

2

Scolnick and Shaner's loss of more than *$2.03 million* is significantly larger than that of any competing eligible movant. The movant with the next largest loss, the Smyth Group, incurred an aggregate loss of only $1.02 million—only approximately half of the loss incurred by Scolnick and Shaner. Likewise, Scolnick and Shaner retained 226,742 shares at the end of the Class Period, while the Smyth Group retained only 194,931. As such, whether assessed in terms of either loss or retained shares, Scolnick and Shaner have the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and finding that said movant had the largest financial interest); *Burgraff v. Green Bankshares, Inc.*, Nos. 2:10-CV-00253 *et al.*, 2011 U.S. Dist. LEXIS 14573, at *6 (E.D. Tenn. Feb. 11, 2011) (considering retained shares alongside loss in assessing financial interest).

In addition to their significant financial interest, Scolnick and Shaner also satisfy the adequacy and typicality requirements of Rule 23. Scolnick and Shaner, like all members of the Class, purchased CBL securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct

3

as the Class claims, satisfy the requirements of Rule 23. *In re Unumprovident Corp. Secs. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. 24633, at \*25-\*26 (E.D. Tenn. Nov. 6, 2003). As attested in the Joint Declaration in support of their motion, Scolnick and Shaner have been acquainted with one another for more than 20 years, and Shaner is Scolnick's attorney. Dkt. No. 25-5 at \*2. They thus obviously have a meaningful relationship with one another that pre-dates this litigation. As such, they constitute exactly the kind of cohesive group consisting of related individuals that the PSLRA expressly permits and courts in this Judicial District routinely appoint to serve as lead plaintiffs in securities class actions. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 823 (N.D. Ohio 1999) (appointing movant group as lead plaintiff, citing their "pre-existing relationship and . . . basis for acting as a collective unit" and finding that "they will be able to speak with a single voice in their dealings with their chosen counsel."). Accordingly, Scolnick and Shaner are highly qualified to serve as a class representatives and to supervise Pomerantz, their chosen Lead Counsel, to prosecute this action vigorously on behalf of CBL investors.

By contrast, irrespective of their respective financial interests in this litigation, two competing movants are ineligible to serve as Lead Plaintiffs because they fail to satisfy the adequacy requirement of Rule 23. Inexplicably, Cowin filed ***two*** motions

4

seeking appointment as Lead Plaintiff in the Consolidated Action: once as a member of the Smyth Group, designating Gainey McKenna & Egleston ("Gainey McKenna") as his choice of Lead Counsel (Dkt. Nos. 29, 32); and once individually, designating Faruqi & Faruqi, LLP ("Faruqi") as his choice of Lead Counsel (Dkt. Nos. 30-31). Cowin's dual submissions strongly suggest that Cowin did not understand the significance of the shareholder certifications that he executed (*see* Dkt. Nos. 32-3 at *4, 33-2 at *2), and/or that he failed to supervise Gainey McKenna and Faruqi sufficiently to avoid duplicative filings on his behalf. In addition, the strikingly different loss figures alleged by Cowin in each of his motions—$721,574 in his individual motion and $320,158 in the Smyth Group's motion—indicate that in at least one of his two motions, Cowin failed to provide a complete and accurate history of his Class Period transactions in CBL securities, as required by the PSLRA. These failures demonstrate that Cowin is inadequate to represent the Class and mandate denial of both Cowin's individual motion *and* the motion of the Smyth Group, of which Cowin is a member.

For the reasons set forth herein, Scolnick and Shaner respectfully submit that their motion should be granted in its entirety, and that the competing motions should be denied.

# ARGUMENT

## I. Scolnick and Shaner Should Be Appointed Lead Plaintiffs

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing that they meet the typicality and adequacy requirements of Rule 23. *In re Regions Morgan Keegan Closed-End Fund Litig.*, Nos. 07-02830 *et al.*, U.S. Dist. LEXIS 132902, at *17-*18 (W.D. Tenn. Dec. 15, 2010). Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representatives are Scolnick and Shaner.

### A. Scolnick and Shaner Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Sixth Circuit, and around the country recognize that the amount of

6

financial loss is the most significant factor to be considered. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest").

Second to financial loss, courts frequently consider net shares purchased during the class period (*i.e.*, retained shares) as another measure of financial interest. *See*, *e.g.*, *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716, 1997 WL 461036, at *5 (N.D. Ill. 1997) (considering net shares purchased (*i.e.*, retained shares) alongside net loss in assessing financial interest); *Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *6 (same).

Under either of the foregoing analyses, no movant seeking appointment as Lead Plaintiff in the Consolidated Action has a larger financial interest in the litigation than Scolnick and Shaner. The following chart summarizes Scolnick and

7

Shaner's substantial financial interest compared to that of the other competing movants:

| Movant | Loss | Retained Shares |
|---|---|---|
| Scolnick and Shaner | $2,033,620 | 226,742 |
| *Scolnick* | *$1,517,703* | *223,042* |
| *Shaner* | *$515,917* | *3,700* |
| Smyth Group | $1,023,499 | 194,931 |
| *Gordon Smyth* | *$275,909* | *43,000* |
| *Keith Honnold* | *$39,530* | *35,000* |
| *Edward S. Friedman* | *$291,260* | *92,633* |
| *Brent Cowin* | *$320,158* | *6,424* |
| *George Imbrogno* | *$96,641* | *20,060* |
| Hoffman Group | $834,293 | 113,594 |
| *Charles D. Hoffman* | *$140,445* | *19,105* |
| *Hoffinvestco* | *$182,386* | *21,600* |
| *Lydia Hoffman* | *$80,861* | *7,889* |
| *Joint Account* | *$430,601* | *65,000* |
| Brent Cowin (individually) | $721,574 | 43,675 |

As shown above, Scolnick and Shaner suffered a loss of roughly ***$2.03 million*** in connection with their Class Period purchases of CBL stock. The Smyth Group, the movant with the next largest loss, incurred a loss roughly half the size of Scolnick and Shaner's. In addition, Scolnick and Shaner retained 226,742 shares at the end of the Class Period, significantly more than the 194,931 shares retained by the Smyth Group. In addition, as discussed in detail below at Section II, the Smyth Group is in any event disqualified from appointment as Lead Plaintiff irrespective of its financial interest because it fails to satisfy the adequacy requirement of Rule 23.

## B. Scolnick and Shaner Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Scolnick and Shaner have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23. *See Regions Morgan Keegan Closed-End Fund Litig.*, U.S. Dist. LEXIS 132902, at *17-*18. "A plaintiff's claim is typical 'if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory[.]'" *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *25 (quoting *In re American Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). Scolnick and Shaner satisfy this requirement because their claims against CBL and the other Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. "To satisfy the adequacy requirement of Rule 23(a)(4), 'there must be an absence of a conflict of interest, and the presence of common interests and injury' as among the class representative and the rest of the class." *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *26 (quoting *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998)). Scolnick and Shaner readily meet this standard: they are aware of no conflict as between their interests and those of the Class, and their financial interest in this litigation is sufficient to ensure that they will vigorously litigate this action. Moreover, Scolnick and Shaner have a meaningful relationship that pre-dates this litigation by more than

9

20 years. *See* Dkt. No. 25-5 at *2. Accordingly, Scolnick and Shaner constitute exactly the kind of group that courts in the Sixth Circuit have appointed as lead plaintiffs. *See*, *e.g.*, *Telxon*, 67 F. Supp. 2d at 823 (appointing movant group as lead plaintiff, citing their "pre-existing relationship and . . . basis for acting as a collective unit" and finding that "they will be able to speak with a single voice in their dealings with their chosen counsel."); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106, 2017 U.S. Dist. LEXIS 195118, at *24-*25 (N.D. Ohio Nov. 28, 2017) (finding "the nature or lack of a pre-existing relationship [to be] relevant in determining whether a group will fairly and adequately protect the interest of the class.").

To overcome the strong presumption entitling Scolnick and Shaner to appointment as Lead Plaintiffs, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, Scolnick and Shaner have further demonstrated their adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

\* \* \* \*

10

Because Scolnick and Shaner have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA.

## II. Cowin and the Smyth Group Are Inadequate within the Meaning of Rule 23

Separate and apart from their respective financial interests in this litigation (which, again, are significantly less than Scolnick and Shaner's), two competing movants—the Smyth Group and Cowin individually—fail to satisfy the adequacy requirement of Rule 23, and the PSLRA thus mandates denial of their motions on that basis as well.

On the statutory deadline to seek appointment as Lead Plaintiff in the Consolidated Action, Cowin filed *two* motions seeking appointment as Lead Plaintiff: one motion seeking appointment individually, designating Faruqi as his selection of Lead Counsel (Dkt. Nos. 30-31); and one motion as part of the Smyth Group, seeking appointment alongside four other putative Class members (Dkt. Nos. 29, 32).

Cowin's dual motions are obviously problematic for at least three distinct reasons. First, they raise the possibility that Cowin did not understand the significance of the shareholder Certifications that he executed pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(2). The Certification executed by Cowin and submitted with the Smyth Group's motion, dated June 27, 2019, unambiguously

11

states that "I, Brent Cowin, hereby retain the Gainey McKenna & Egleston [firm] . . . to pursue my claims" in connection with Cowin's purchases of CBL securities during the Class Period. Dkt. No. 32-3 at *4. Yet the Certification submitted with Cowin's individual motion, dated July 16, 2019, unambiguously states that Cowin "selects and retains Faruqi & Faruqi, LLP as counsel for purposes of prosecuting this action and claims against the defendants." Dkt. No. 33-2 at *2. Cowin's two Certifications are plainly in conflict with one another. That Cowin separately authorized two different law firms to represent him in connection with his claims against CBL, and that those two firms then filed two separate and competing lead plaintiff motions on his behalf, raises the possibility that Cowin either did not thoroughly review or did not understand the significance of the Certifications that he executed. Given the relative brevity and clarity of these documents, this obviously raises questions as to Cowin's ability and/or inclination to review and understand the substantive pleadings in this litigation if he were to be appointed as Lead Plaintiff.

Second, assuming that Cowin did review and understand the significance of the Certifications that he executed, his duplicative filings raise the equally troubling possibility that Cowin has failed to supervise his chosen counsel in this litigation. If Cowin intended to terminate his relationship with Gainey McKenna when he designated Faruqi as his chosen counsel in the Consolidated Actions on July 16,

12

2019, then this termination was apparently not timely conveyed to Gainey McKenna, either by Cowin himself or by Faruqi, prior to the lead plaintiff motion deadline in this action. A "purpose of the PSLRA was to ensure control over securities class actions is vested in plaintiffs rather than in their attorneys." *Unumprovident*, 2003 U.S. Dist. 24633 at *21. Accordingly, it is essential that the Court appoint a Lead Plaintiff capable of supervising his or her chosen counsel. Scolnick and Shaner respectfully submit that Cowin's duplicative lead plaintiff motions raises serious questions as to his ability or inclination to do so here.

Third, Cowin alleged significantly different losses in each of his two motions. In connection with the Smyth Group motion, Cowin alleged a loss of $320,158 in connection with his Class Period purchases of CBL securities. *See* Dkt. No. 32-4. In his individual motion, however, Cowin alleged a significantly larger loss of $721,574. *See* Dkt. No. 33-3. Smyth's transaction history in CBL securities submitted in support of the Smyth Group's motion appears to omit a number of transactions that are reflected in the transaction history submitted in support of Cowin's individual motion. *See* Dkt. Nos. 32-4, 33-3. The PSLRA requires that a movant seeking appointing as lead plaintiff must submit a signed certification that, *inter alia*, "sets forth **all** of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. §78u-4(a)(2)(iv) (emphasis added). Cowin's inconsistent submissions show

13

that in connection with at least one of his two motions, he violated this clear statutory instruction and submitted incomplete and/or inaccurate information to the Court regarding his Class Period transactions in CBL securities.

Cowin's demonstrated failings—to supervise counsel, to provide the Court with complete and accurate information, and/or to review and understand the contents of his submissions—renders him inadequate to serve as Lead Plaintiff within the meaning of Rule 23. Cowin's inadequacy is fatal not only to his individual motion, but also to the motion of the Smyth Group, of which Cowin is a member.

## III. Scolnick and Shaner's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bluestone v. Sadove*, No. 3:18-cv-63-HSM-HBG, 2018 U.S. Dist. LEXIS 113900, at \*18 (E.D. Tenn. July 6, 2018) (appointing lead counsel upon finding designated firm to be "qualified, experienced, and generally able to conduct the litigation as lead counsel.").

Here, Scolnick and Shaner have selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of

14

securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 25-6. Scolnick and Shaner's proposed Liaison Counsel, Holifield, maintains offices in this Judicial District, has extensive familiarity with the local rules of this Judicial District, and also has extensive experience in successfully prosecuting complex securities actions. *See* Dkt. No. 25-7. Thus, the Court may be assured that by approving the selection of counsel by Scolnick and Shaner, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Scolnick and Shaner respectfully request that the Court grant their motion in its entirety, and deny the competing motions.

Dated: July 30, 2019

Respectfully submitted,

HOLIFIELD JANICH & FERRERA, PLLC

*/s/ Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Telephone: (865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com

15

Email: sjohnson@holifieldlaw.com

*Counsel for Movants and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman (*Pro Hac Vice* filed)
J. Alexander Hood II (*Pro Hac Vice* filed)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served electronically upon all parties and/or counsel listed below through the Court's ECF system on this July 30, 2019.

**HOLIFIELD JANICH & FERRERA, PLLC**
By: */s/ Sarah R. Johnson*

16