**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-CV-00149-JRG-CHS <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES OF THE HOFFMANS IN OPPOSITION TO THE COMPETING MOTIONS OF FOR APPOINTMENT AS LEAD PLAINTIFF AND ALTERNATIVELY IN SUPPORT OF THEIR MOTION FOR LIMITED DISCOVERY**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT............................................................................................................. 1

    I.    THE SCOLNICK GROUP'S MOTION SHOULD BE DENIED BECAUSE IT DEMONSTATRATES A LACK OF ADEQUACY AND INTEREST IN SERVING AS LEAD PLAINTIFF ................................................. 1

        A.    Several Errors in The Scolnick Group's Submission Demonstrate That It Is Inadequate to Serve as Lead Plaintiff......................................... 2

        B.    The Scolnick Group's Joint Declaration's Failure to Explain the Presence or Role of the Bronstein Firm Also Demonstrates the Scolnick Group's Lack of Adequacy............................................................ 4

    II.    THE HOFFMANS ARE THE MOST ADEQUATE PLAINTIFF ........................ 5

    III.    IN THE ALTERNATIVE, THE HOFFMANS SHOULD BE ALLOWED LIMITED DISCOVERY FROM THE SCOLNICK GROUP................................ 6

CONCLUSION............................................................................................................ 8

Case 1:19-cv-00181-JRG-CHS    Document 39    Filed 07/30/19    Page 2 of 12    PageID #: 388

# TABLE OF AUTHORITIES

**Cases**

*Bhojwani v. Pistiolis*,
 2007 WL 9228588 (S.D.N.Y. July 31, 2007) ................................................................... 2

*Broadfoot v. Barrick Gold Corp.*,
 2017 WL 3738444 (S.D.N.Y. Aug. 9, 2017) ................................................................... 7

*Camp v. Qualcomm Inc.*,
 2019 WL 277360 (S.D. Cal. Jan. 22, 2019)..................................................................... 2

*Fischler v. AmSouth Bancorporation*,
 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ..................................................................... 7

*Garbowski v. Tokai Pharm., Inc.*,
 302 F. Supp. 3d 441 (D. Mass. 2018) .............................................................................. 4

*In re Bank Of Am. Corp. Sec., Derivative, And Employee Ret. Income Sec. Act (ERISA) Litig.*,
 2011 WL 3211472 (S.D.N.Y. July 29, 2011) .................................................................. 6

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)............................................................................................. 2

*Micholle v. Ophthotech Corp.*,
 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................................................. 2

*Rao v. Quorum Health Corp.*,
 221 F. Supp. 3d 987 (M.D. Tenn. 2016).......................................................................... 7

*Singer v. Nicor, Inc.*,
 2002 WL 31356419 (N.D. Ill. Oct. 16, 2002)................................................................. 6

*Tomaszewski v. Trevena, Inc.*,
 2019 WL 2288267 (E.D. Pa. May 29, 2019) ................................................................... 2

*Tsirekidze v. Syntax-Brillian Corp.*,
 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ....................................................................... 6

*United States v. Oakley*,
 2008 WL 4559810 (E.D. Tenn. Oct. 8, 2008) ................................................................. 5

**Statutes and Rules**

15 U.S.C. §78u-4 (2019).......................................................................................................... 2, 6, 7

E.D.TN. LR83.6....................................................................................................................... 5

Federal Rule of Civil Procedure 23 ........................................................................................ 2, 5

Tennessee Rule of Professional Conduct 1.5.......................................................................... 5

Case 1:19-cv-00181-JRG-CHS   Document 39   Filed 07/30/19   Page 3 of 12   PageID #: 389

Lead Plaintiff movants Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (collectively referred to herein as the "Hoffmans") respectfully submit this memorandum of law (i) in opposition to the competing motions for appointment as Lead Plaintiff; and, (ii) alternatively, in support of their motion for limited discovery from Jay Scolnick and Mark Shaner (the "Scolnick Group").

## PRELIMINARY STATEMENT

The Hoffmans' losses of approximately $834,293.09 (ECF No. 28-4) make them the "most adequate plaintiff" and, therefore, they should be appointed lead plaintiff in this action because the competing motion made by the Scolnick Group is inherently defective. The Scolnick Group failed to submit proper certifications required by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and those portions submitted either demonstrate thereby disqualifying the Scolnick Group from serving as lead plaintiff. Thus, the Hoffmans should be appointed lead plaintiff because the presumption of the "most adequate plaintiff" cannot be rebutted as to them. In the alternative, these facts raise a reasonable doubt as to the Scolnick Group's ability to serve as lead plaintiff which should entitle the Hoffmans to take limited discovery necessary to further clarify those issues.

## ARGUMENT

**I. THE SCOLNICK GROUP'S MOTION SHOULD BE DENIED BECAUSE IT DEMONSTATRATES A LACK OF ADEQUACY AND INTEREST IN SERVING AS LEAD PLAINTIFF**

The Scolnick Group, led by Jay Scolnick, reports its members having suffered a total of more than $2 million in losses from trading CBL common and preferred stock, and options. ECF No. 25-4 5/5. Nonetheless, the Scolnick Group's moving papers demonstrate a lack of adequacy which should preclude this Court from appointing the Scolnick Group as the lead plaintiff or, at the very least, the sole lead plaintiff.

**A.** **Several Errors in The Scolnick Group's Submission Demonstrate That It Is Inadequate to Serve as Lead Plaintiff**

The PSLRA "establishes a detailed and integrated procedure for selecting a lead plaintiff[.]" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). "Sworn declarations are integral to the PSLRA process, as they assure district courts that the proposed plaintiff . . . is interested and able to serve as lead plaintiff." *Tomaszewski v. Trevena, Inc.*, 2019 WL 2288267, at *4 (E.D. Pa. May 29, 2019). Accordingly, many courts have held that even minor errors made in PSLRA required certifications and related Court submissions can disqualify a movant from serving as a lead plaintiff. *Id.*; *see also Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (errors in pleadings disqualifies the movant from serving as a lead plaintiff); *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (rejecting a movant's application because "errors in his submissions … militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement."); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) ("carelessness about detail" "undermines the adequacy" of a lead plaintiff movant).

Here, the errors and deficiencies in Mr. Scolnick's sworn certification disqualify him from being appointed a lead plaintiff. These errors begin with Mr. Scolnick's failing to comply with the PSLRA's express requirement that each certification "sets forth all the transactions of the plaintiff in the security that is the subject of the complaint[.]" 15 U.S.C. §78u-4(a)(2)(A)(iv) (2019). Mr. Scolnick seeks to qualify this unequivocal requirement of the PSLRA by, instead, stating that "[t]o *the best of my current knowledge*, the attached sheet lists all of my transactions in CBL securities during the Class Period as specified in the Complaint." ECF No. 25-3 (emphasis added). In other words, even at this early stage of the litigation Mr. Scolnick cannot be bothered to ensure that he has supplied all the information required by the PSLRA and does not make any representation

about the completeness of the transactions of his assignees.[1] The same is true of Mark Shaner's declaration. ECF No. 25-3.

Mr. Scolnick's "current knowledge" is also suspect because the accounts listed for Sheryl Scolnick, his wife and assignor in this case, list more sales of CBL stock than purchases as of April 25, 2018, for Sheryl Scolnick Account 2. S*ee* Declaration of Michael J. Klein In Support of the Hoffmans' Opposition to the Competing Lead Plaintiff Motions or Alternatively to Conduct Limited Discovery (the "Klein Decl.") ¶2 & Ex. 1. It thus appears that Sheryl Scolnick Account 2 sold CBL shares short during the class period and held a short position for almost five weeks (*see* Klein Decl. ¶2 & Ex. 1), which is another reason for denying the Scolnick Group's motion. *See, e.g., In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109 (N.D. Cal. 2001) (holding it is "a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall" because "[s]hort sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny.") Further, Mr. Scolnick appears to operate or control many different corporate entities (*see* Klein Decl. Ex. 2) and it is unclear the extent to which any of those other entities traded in CBL securities. Indeed, given that the Scolnicks make use of options as part of their trading strategy, (ECF No. 25-3 at 5/10) they may have taken positions hedging those entities in the accounts listed on Mr. Scolnick's PSLRA certification submission.

---

[1]     There are other troubling errors in Mr. Scolnick's certification. Paragraph 2 of the certification is an incomprehensible sentence fragment and the certification, without any explanation, references potential claims arising under the Securities Act of 1933 even though no such claims have been asserted in this action. The stray reference to the Securities Act of 1933 begs the question of which complaint Mr. Scolnick (and his co-movant) purport to have read, since none of the three complaints filed reference the Securities Act of 1933.

Mr. Scolnick's admitted lack of thoroughness demonstrates his disinterest and inadequacy to serve as a lead plaintiff. That inadequacy is further demonstrated by Mr. Scolnick's failure to clearly state the basis for his purported authority to act on behalf of the other entities whose assignments are included in the Scolnick Group. Thus, Mr. Scolnick appears to be the Vice President of Doreen Development Corporation ("Doreen") (*see* ECF No. 25-1 at 4/4) but provides no explanation with respect to his ownership interest in Doreen or the basis for his purported authority to authorize the assignment of its claims. The same is true of Premier Community Home Pension Plan (the "Premier Pension"): Mr. Scolnick appears to be a trustee, although he does not represent himself to be the sole trustee, and there is no indication in the moving papers as to the basis for him act unilaterally on behalf of Premier Pension. *See* ECF No. 25-1 at 3/4.[2]

### B. The Scolnick Group's Joint Declaration's Failure to Explain the Presence or Role of the Bronstein Firm Also Demonstrates the Scolnick Group's Lack of Adequacy

A joint declaration identifies the Scolnick Group's understanding of the role of acting as lead plaintiff to "include[] evaluating the strengths and weaknesses of the case and resolution of this matter . . . [and] to direct counsel with respect to this litigation, after receiving the benefit of counsel's advice[.]" ECF No. 25-5 at 2/5. However, the lead plaintiff's role is more expansive and necessarily including, among other things, ensuring that any application for an award of attorneys' fees is reasonable. *See, e.g., Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 454-56 (D. Mass. 2018) (rejecting a lead plaintiff put forward by the Pomerantz firm because of a failure to

---

[2]   Indeed, even Mr. Scolnick's claim that he is a trustee of Premier Pension or that the fund has been properly constituted is also subject to doubt. Department of Labor ("DOL") regulations require the filing of Form 5500, or Form 5500-SF, "to satisfy annual reporting requirements under the Employee Retirement Income Security Act (ERISA) and the Internal Revenue Code." Nonetheless, a search of the DOL website demonstrates that no such legally required filings have been made for the Premier Pension. *See* Klein Decl. ¶4.

4

properly address attorney fee issues at the time of retention). Nonetheless, the Scolnick Group's joint declaration fails to address this critical issue and responsibility of a lead plaintiff.

In addition, the Scolnick Group's joint declaration identifies Pomerantz LLP "as our designated lead counsel" (ECF No. 225-5 at 3/5) while remaining conspicuously silent on the precise role to be played by Bronstein, Gewirtz & Grossman, LLC (the "Bronstein Firm"), listed as additional counsel on the moving papers without further explanation. *See* ECF Nos. 23 at 3 and 24 at 15. This is particularly important because the presence of such additional counsel often suggests the existence of a referral arrangement the precise parameters of which must be disclosed to the client or the Court. *See* Tennessee Rule of Professional Conduct 1.5(e)(2) (requiring that "the client agrees to the arrangement, and the agreement is confirmed in writing.").[3]

## II.     THE HOFFMANS ARE THE MOST ADEQUATE PLAINTIFF

Among the lead plaintiff movants, other than the inadequate Scolnick Group,[4] the Hoffmans possess the largest financial interest in the relief sought in this Action. ECF No. 27 at p.5. As demonstrated in their opening brief, the Hoffmans also unquestionably satisfy the requirements of Federal Rule of Civil Procedure 23. *See* ECF No. 27 at pp. 6-8. There is no mystery about the composition or cohesiveness of the Hoffman Group because it consists of a husband and wife, who have been married for decades, and an investment fund of which Mr. Hoffman is the managing member and majority owner. *See* ECF No. 28-2. The presumption that the Hoffmans

---

[3]      E.D.Tenn. LR83.6, in turn, requires, in part, that "[t]he minimum standards of professional conduct before this Court include the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of this Court." Thus, "courts in this District operate under the Tennessee Rules of Professional Conduct." *United States v. Oakley*, 2008 WL 4559810, at *5 (E.D. Tenn. Oct. 8, 2008).

[4]      The Friedman Group's motion was withdrawn on July 17, 2019, and Houlihan & Company LLC, Ronald A. Fish, and Jeff Lion withdrew their motion on July 30, 2019. ECF Nos. 38, 52.

are the most adequate plaintiff cannot be overcome, and neither can their adequacy or typicality be challenged.

Notably, the Hoffmans, also, and unlike any other movant that might have more losses than they do, held all classes of CBL equity, and have standing to sue on behalf of common shareholders and both Series D Preferred Stock and Series E Preferred Stock. That presents a further advantage to the Class of having a Lead Plaintiff with incentive, and standing, to bring all valid claims. *See, e.g.*, *In re Bank Of Am. Corp. Sec., Derivative, And Employee Ret. Income Sec. Act (ERISA) Litig.*, 2011 WL 3211472, at *13 (S.D.N.Y. July 29, 2011) (concluding that " plaintiffs do not have standing to bring claims on behalf of purchasers or sellers of securities that the plaintiffs did not themselves purchase or sell during the class period").[5]

### III. IN THE ALTERNATIVE, THE HOFFMANS SHOULD BE ALLOWED LIMITED DISCOVERY FROM THE SCOLNICK GROUP

The PSLRA provides that a class member may conduct discovery into the adequacy of a competing movant for lead plaintiff upon demonstrating a "reasonable basis" for a finding that the movant is incapable of adequately representing the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iv)

---

[5] A lead plaintiff motion was filed by Brett Cowin, who was also named as a member of the Friedman Group. *See* ECF Nos. 29, 30. The Friedman Group's notice of withdrawal of its motion states, in part, that "Movant Brent Cowin will be represented by the law firm of Faruqi & Faruqi, LLP in connection with all matters related to the above-captioned actions." ECF No. 38. That Mr. Cowin executed two certifications (ECF Nos. 32-3, 33-2) and filed lead plaintiff motions with two firms makes him inadequate to serve as lead plaintiff. *See, e.g., Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (court determined that a "blatant gaffe" by individual who moved against himself and claimed he "sent his lead-plaintiff certification to the wrong firm 'in error'" did "not bode well" for movant's ability to "lead this litigation"); *Singer v. Nicor, Inc.*, 2002 WL 31356419, at *2 (N.D. Ill. Oct. 16, 2002) (viewing movant's "mis-communication" as a "more serious problem" because the movant's "unknowing retention of two different law firms and filing of two motions for appointment as lead plaintiff reveal conflicts . . . that make it unsuitable to make decisions on behalf of the class"). However, even without that blatant inadequacy, Mr. Cowin has less losses than the Hoffmans and is unable to overcome the presumption that the Hoffmans are the most adequate plaintiff.

(2019). At minimum, given the concerns raised herein regarding the Scolnick Group's adequacy, the competing lead plaintiff movants should be afforded the opportunity to conduct discovery directed solely at whether the Scolnick Group's members are adequate lead plaintiffs.

Since "the Court has a 'reasonable basis' for finding the presumptively most adequate plaintiff is 'incapable of adequately representing the class,' the Court may allow for 'limited discovery' into the presumptively lead plaintiff." *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 990 (M.D. Tenn. 2016) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iv) and "allow[ing] 45 days of limited discovery into whether Zwick will adequately represent the class and whether it is subject to any unique defenses"); *see also Fischler v. AmSouth Bancorporation*, 1997 WL 118429, at *3 (M.D. Fla. Feb. 6, 1997) ("uncertainty" or "unanswered questions" about a putative lead plaintiff's ability to properly represent the class are sufficient to trigger the PSLRA's lead plaintiff discovery provision).

If the opposing motions are not denied, the Hoffmans should be permitted to take limited discovery regarding, *inter alia*, the Scolnick Group's trading history. Courts have granted limited discovery to lead plaintiff movants where "there exists a potential that" a short seller "is in a unique position that would defeat typicality and adequacy[,]" because "it would be preferable to engage now in a fuller examination of" the Rule 23 requirements before entrusting a case to the stewardship of a lead plaintiff movant. *Broadfoot v. Barrick Gold Corp.*, 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017).

To that end, the Hoffmans propose that they be allowed to serve targeted requests for production of documents upon the Scolnick Group relating to all holdings of CBL stock by all members of the Scolnick Group, the assignments to Mr. Scolnick, and the inclusion of the Bronstein Firm on its submission. The Hoffmans further proposes a deposition of Jay Scolnick is

7

appropriate to answer the foregoing, and request that their counsel, and counsel for Scolnick Group, should meet and confer on the scope and timing of discovery and submit a proposed discovery plan to the Court within two weeks of the discovery motion being granted.

## CONCLUSION

Therefore, for the reasons stated above, as well in their moving papers (ECF Nos. 26-28) the competing motions to that made by the Hoffmans seeking appointment as lead plaintiff should be denied or, in the alternative, the Hoffmans should be allowed to take limited discovery of the Scolnick Group.

Dated: July 30, 2019

**ABRAHAM, FRUCHTER &**
**TWERSKY, LLP**

/s/  Michael J. Klein
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Attorneys for the Hoffmans

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. I hereby certify that I am unaware of any other parties in this cause not using the CM/ECF system.

/s/  Michael J. Klein
Michael J. Klein

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Michael J. Klein (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

9