## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-cv-00149-JRG-CHS |

## DECLARATION OF BRENT COWIN

I, Brent Cowin, declare as follows:

1.     I am a real estate professional and a technology consultant.  I have been investing in securities for more than 20 years.

2.     I write to address the fact that the law firm of Gainey McKenna & Egleston ("GME") falsely claimed to represent me in this case, filed a lead plaintiff motion on my behalf as part of a group of investors I had never heard of, and filed a lead plaintiff certification that purported to be signed by me under penalty of perjury even though I had never received, reviewed, or signed it.  By submitting this declaration, I hope to notify the Court of these issues, clarify the record, and clear my reputation.

3.     By way of background, on May 20, 2019, I spoke with Thomas J. McKenna ("McKenna"), a partner at GME, regarding the case against CBL & Associates Properties, Inc. ("CBL").  McKenna and I subsequently exchanged e-mails with my last e-mail communication being on July 11, 2019, to which McKenna never responded.  During that exchange, McKenna sent me two form certifications, neither of which contained the list of my transactions in CBL or bore my signature.  To be clear, I never signed or typed my name in either of those certifications or any other provided to me by GME.

4.     Based on a recommendation from a lawyer whom I respect, I decided to contact Faruqi & Faruqi, LLP (the "Faruqi Firm") regarding the CBL case.  After extensive discussions and correspondence with the Faruqi Firm, I formally retained the firm by entering into a written retainer agreement to represent me in this case and file a lead plaintiff motion on my behalf.

5.     The day after lead plaintiff motions were due, the Faruqi Firm informed me that GME also filed a lead plaintiff motion on my behalf and in support of that motion GME filed a sworn certification bearing a type-written signature of my name.

1

6. To be clear, although I initially attempted to obtain advice from GME, they stopped responding to me. Prior thereto, I had never signed any documents or otherwise agreed that GME would represent me and file a lead plaintiff motion on my behalf. Significantly, I did not sign the certification that GME filed on my behalf, and which is attached to this declaration as Exhibit A, nor did GME ever send me a copy (signed or unsigned) of this certification or the motion papers that GME filed. I also had never heard of any of the members of the so-called Friedman Group until after the Faruqi Firm alerted me to GME's filing and provided me with a copy of the papers.

7. On July 17, 2019, I received a phone call from Gregory Egleston ("Egleston"), a partner at GME, who suddenly wanted to discuss the case. During the call, I informed Egleston that I had no idea that GME would be filing anything on my behalf. Egleston falsely countered that I had signed documents with GME. When I told Egleston that I had done no such thing, Egleston repeatedly countered that he would immediately send me the documents in question. Tellingly, I have yet to receive any such documents.

8. It is also worth noting that, during the call, Egleston repeatedly tried to convince me to terminate my relationship with the Faruqi Firm. Egleston told me that, by sticking with the Faruqi Firm, my motion for appointment as Lead Plaintiff was lost—implying that by choosing GME I still had a chance of being appointed Lead Plaintiff. This statement also turned out to be false, as I now know that GME subsequently filed a withdrawal of the Friedman Group's motion.

9. The withdrawal GME filed also wrongly states that I "will be" represented by the Faruqi Firm in this case. In fact, I was always represented by the Faruqi Firm. I was never

represented by GME. And despite my having informed Egleston of those facts during our call, MGE never corrected the record.

10. In sum, I did not retain GME as my attorneys, I did not authorize GME to file a lead plaintiff motion on my behalf, and I did not sign the sworn certification that GME filed in my name.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dated: 7/30 , 2019

Brent Cowin

## CERTIFICATE OF SERVICE

I, Richard W. Gonnello, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: July 30, 2019

_s/ Richard W. Gonnello_
Richard W. Gonnello (admitted _pro hac vice_)